MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller, State Bar No. 167223
P. Bartholomew Quintans, State Bar No. 308085
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel:   +1.714.830.0600
Fax:  +1.714.830.0700
barbara.miller@morganlewis.com
bart.quintans@morganlewis.com

Attorneys for Defendants
CHARTER COMMUNICATIONS, LLC
CHARTER COMMUNICATIONS, INC.
SPECTRUM MANAGEMENT HOLDING COMPANY, LLC
TWC ADMINISTRATION, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ROCHESTER, an individual and on behalf of other individuals similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHARTER COMMUNICATIONS, LLC, a Delaware limited liability company; CHARTER COMMUNICATIONS, INC., a Delaware corporation; SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, a Delaware limited liability company; TWC ADMINISTRATION, LLC, a Delaware limited liability company and DOES 1-10, <br><br> Defendants. | Case No. 2:18-cv-5319 <br><br> **DEFENDANTS' NOTICE OF REMOVAL** <br><br> Action Filed:    May 11, 2018 <br><br> [28 U.S.C. §§ 1331, 1367, 1441, and 1446] |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF KEITH ROCHESTER AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Charter Communications, LLC, Charter Communications, Inc., Spectrum Management Holding Company, LLC and TWC Administration, LLC ("Defendants") hereby remove the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction in the form of federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint asserts a claim arising under the laws of the United States. This Court also has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367, as they arise out of the same case or controversy as the federal claims over which this Court has original jurisdiction and all such claims relate to Defendants' alleged wage-and-hour practices.

In support of this removal, Defendants state the following:

**I.      PROCEDURAL BACKGROUND**

On May 11, 2018, Plaintiff Keith Rochester ("Plaintiff") filed an unverified class action complaint in the Superior Court of the State of California, for the County of Los Angeles, entitled *KEITH ROCHESTER, an individually* [sic] *and on behalf of other individuals similarly situated v. CHARTER COMMUNICATIONS, LLC, a Delaware limited liability company; CHARTER COMMUNICATIONS, INC., a Delaware corporation; SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, a Delaware limited liability company; TWC ADMINISTRATION, LLC, a Delaware limited liability company and DOES 1-10*. The Complaint alleges seven causes of action: (1) failure to pay all wages; (2) failure to pay overtime compensation; (3) forfeiture of vacation pay; (4) failure to pay wages at the time of termination; (5) failure to furnish accurate wage statements; (6) violation of the

Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, *et seq*., and (7) failure to pay all wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA").

Plaintiff served the Complaint on Defendants on May 15, 2018. A true and correct copy of the Complaint is attached as **Exhibit A**.

On June 13, 2018, Defendants filed and served their Answer to the Complaint. A true and correct copy of Defendants' Answer is attached hereto as **Exhibit B**. Exhibits A and B, along with all associated papers and forms originally served with them, constitute all process, pleadings, and orders that have been filed in this action.

## II. THE REMOVAL IS TIMELY

Defendants have timely removed this action within thirty (30) days of service of the Complaint. This Notice of Removal is therefore timely under 28 U.S.C. §§ 1446(b). No previous Notice of Removal has been filed or made with this Court for the relief sought.

## III. FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. § 1331

This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed pursuant to 28 U.S.C. § 1441(a).

Federal question jurisdiction exists under 28 U.S.C. § 1331 where the Complaint asserts a claim "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393-94 (9th Cir. 1988) ("When a plaintiff's complaint relies on federal law as the source of recovery, it is obvious that the case 'arises under' federal law and therefore may be removed to federal court."). The presence or absence of federal question jurisdiction is governed by the "well-pleaded" complaint rule, which provides that federal jurisdiction exists "when a federal question is presented

on the face of the plaintiff's properly pleaded complaint." *Ethridge*, 861 F.2d at 1394.

Section 216(b) of the FLSA provides that "[a]n action to recover the liability prescribed [earlier in the Act] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). The Supreme Court has held that the concurrent jurisdiction provided by the FLSA does not bar a defendant's decision to remove an action brought under the FLSA to a U.S. District Court. *Breur v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) (holding that there is "no question" that the FLSA provides basis for removal jurisdiction); *see also Havel v. SunAmerica Sec., Inc.*, 2006 WL 2917591, at *2 (N.D. Cal. Oct. 11, 2006) (denying remand and finding removal was proper based on federal question jurisdiction premised on violations of the FLSA); *Hudson v. Pinkerton Sec. Servs.*, 2004 WL 2075449, at *2-4 (N.D. Cal. Sept. 16, 2004) (same).

Plaintiff explicitly alleges violations of the FLSA on the face of his Complaint, through his Seventh Cause of Action, and seeks remedies pursuant to the FLSA, including, *inter alia*, liquidated damages that are not available under California law. Compl. at 25, Prayer for Relief ¶ 11. Indeed, Plaintiff "brings this suit as a Collective Action under the Fair Labor and [sic] Standards Act, 29 U.S.C. § 201, et seq., ('FLSA')," on behalf of a specially defined "FLSA Class." Compl. ¶ 65. Accordingly, Plaintiff's Complaint raises a federal question and removal is proper.

Plaintiff's state law claims arise out of the same case or controversy as the federal claims over which this Court has original jurisdiction because all such claims relate to Defendants' alleged wage and hour practices. Therefore, pursuant to 28 U.S.C. § 1367(a), this Court may properly exercise supplemental jurisdiction over Plaintiff's state law claims. *See, e.g., Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 248 (2d Cir. 2011) ("[T]he Seventh, Ninth, and District of

Columbia Circuits all have determined that supplemental jurisdiction is appropriate over state labor law class claims in an action where the court has federal question jurisdiction over FLSA claims in a collective action."); *Busk v. Integrity Staffing Sols., Inc.*, 713 F.3d 525, 529 (9th Cir. 2013) ("[A] federal lawsuit combining state and federal wage and hour claims is consistent with FLSA."), *rev'd on other grounds*, 135 S. Ct. 513 (2014).

## IV. VENUE

This action was originally filed in the Superior Court for the County of Los Angeles. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. NOTICE

Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

Based on the foregoing, Defendants request that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: June 14, 2018       MORGAN, LEWIS & BOCKIUS LLP


By  /s/ Barbara J. Miller
Barbara J. Miller
P. Bartholomew Quintans
Attorneys for Defendants
CHARTER COMMUNICATIONS, LLC
CHARTER COMMUNICATIONS, INC.
SPECTRUM MANAGEMENT HOLDING COMPANY, LLC
TWC ADMINISTRATION, LLC