# EXHIBIT A

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

Attorneys for Plaintiff, KEITH ROCHESTER, an individually and on behalf of other individuals similarly situated

FILED
Superior Court of California
County of Los Angeles
MAY 11 2018
Sherri R. Carter, Executive Officer/Clerk of Court
By Brittny Smith, Deputy

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

KEITH ROCHESTER, an individually and on behalf of other individuals similarly situated,

Plaintiffs,

vs.

CHARTER COMMUNICATIONS, LLC, a Delaware limited liability company; CHARTER COMMUNICATIONS, INC., a Delaware corporation; SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, a Delaware limited liability company; TWC ADMINISTRATION, LLC, a Delaware limited liability company and DOES 1-10,

Defendants.

CASE NO. BC 705959

**CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

1. **Failure to Pay All Wages;**
2. **Failure to Pay Overtime Compensation (Welfare Commission Orders and Labor Code §§ 510, 1194);**
3. **Forfeiture of Vacation Pay (California Labor Code § 227.3);**
4. **Failure to Pay Wages at the Time of Termination (California Labor Code §§ 201-203);**
5. **Failure to Furnish an Accurate, Itemized Wage Statement upon Payment of Wages in Violation of California Labor Code § 226;**
6. **Violations of California Business & Professions Code §§ 17200, *et seq.; and***
7. **Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act ("FLSA")**

Doc# 1 Page# 1 - Doc ID = 1739234118 - Doc Type = Complaint

59C-17

CIT/CASE: BC705959
LEA/DEF#:

RECEIPT #: CCH612315044
DATE PAID: 05/11/18 03:38 PM
PAYMENT: $1,435.00 310
RECEIVED:

| | |
|---|---|
| CHECK: | $1,435.00 |
| CASH: | $0.00 |
| CHANGE: | $0.00 |
| CARD: | $0.00 |

05/14/2018

Plaintiff, KEITH ROCHESTER, on his own behalf and on behalf of all similarly situated persons upon information and belief, except as to his own actions, the investigation of his counsel, and the facts that are a matter of public record, allege as follows:

**INTRODUCTORY FACTUAL ALLEGATIONS**

1. This class action is within the Court's jurisdiction under California Labor Code §§ 201-203, 226(a), 227.3, 510, 1194, 1197; California Business and Professions Code § 17200, et seq., (Unfair Practices Act); and Fair Labor Standards Act.

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code, California Business and Professions Code, and Fair Labor Standards Act against employees of Defendants.

3. "Class Period" is defined as the time from May 11, 2014 through the date that judgment is entered, based upon information and belief that the violations of the California *Labor Code*, as described more fully hereinafter, began long before May 11, 2014 and are continuing. Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

4. "FLSA Class Period" is defined as the time from May 11, 2015 through the date that judgment is entered, based upon information and belief that the violations of the FLSA, as described more fully hereinafter, began long before May 11, 2015 and are continuing. Plaintiff herein reserves the right to amend this Complaint to reflect a different FLSA Class Period as discovery in this matter proceeds.

5. In this case, Plaintiff seeks relief for himself and the Plaintiff Class under California law to remedy Defendants' actions of: (1) failure to pay Plaintiff and the members of the plaintiff class were all wages due to them, including overtime wages; (2) failure to pay Plaintiff and the members of the plaintiff class were not paid all wages due to them; (3) failure to provide Plaintiff and the members of the plaintiff class with vested vacation pay in violation of California Labor Code § 227.3; (3) failure to pay Plaintiff and the members of the plaintiff class all wages owed at termination; and (4) failure to furnish Plaintiff and the members of the plaintiff class accurate, itemized wage statements required by California Labor Code § 226 upon payment of wages.

earned a base hourly wage of $14.34 an hour plus commissions. Plaintiff was employed by Defendants from approximately April 2015 to July 2017.

13. Defendant CHARTER COMMUNICATIONS, LLC is a Delaware Limited Liability Company that is licensed and registered to conduct business in the State of California and does conduct business in the state. Defendant CHARTER COMMUNICATIONS, LLC is a wholly owned subsidiary of Defendant CHARTER COMMUNICATIONS, INC., which directs its day to day business affairs.

14. Defendant CHARTER COMMUNICATIONS, INC., a Delaware Corporation that is licensed and registered to conduct business in the State of California and does conduct business in the state.

15. Defendant SPECTRUM MANAGEMENT HOLDING COMPANY, LLC is a limited liability company and is a wholly owned subsidiary of Defendant CHARTER COMMUNICATIONS, INC., which directs its day to day business affairs.

16. Defendant TWC ADMINISTRATION, LLC is a limited liability company and is a wholly owned subsidiary of Defendant CHARTER COMMUNICATIONS, INC., which directs its day to day business affairs.

17. Based upon information and belief, Charter Communications, Inc. is an American telecommunications company that offers its services to consumers and businesses under the branding of Spectrum. Providing services to over 25 million customers in 41 states, it is the second-largest cable operator in the United States by subscribers, just behind Comcast, and third largest pay TV operator behind Comcast and AT&T U-verse/DirecTV. It is the fifth largest telephone provider based upon residential subscriber line count.

18. According to https://www.bloomberg.com, Communications Operating, LLC is a holding company which through its subsidiaries offers cable video programming services. It provides analog and digital video programming, business to business video, data, and Internet protocol solutions; and broadband services such as high definition television, video on demand, telephony, and interactive television. The company offers cable television on a digital video programming platform

via Charter Digital and Charter High-Speed Internet Service. In addition, it provides advertising and production services.

19. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, said Defendants are sued under such fictitious names. Plaintiff prays for leave to amend this complaint when the true names and capacities of said DOES defendants become known to Plaintiff. Plaintiff is informed and believes and thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein, and proximately caused Plaintiff, as well as members of the Plaintiff Class, and members of the general public, damages as more specifically identified below.

20. At all times herein mentioned, each of the said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

21. Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

22. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acted within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

23. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts

and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

24. The members of the Plaintiff Class, including the representative Plaintiff named herein, have been employed during the Class Period in California. The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California.

25. The members of the FLSA Class, including the representative Plaintiff named herein, have been employed during the FLSA Class Period in the United States. The practices and policies which are complained of by way of this Complaint are enforced throughout the United States.

## FACTUAL ALLEGATIONS

26. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

27. Plaintiff and the members of the plaintiff class were and are classified by Defendants as non-exempt employees, pursuant to the provisions of the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards. As non-exempt employees, Plaintiff and the members of the plaintiff class are entitled to certain benefits, including wages at agreed upon rate, and mandated meal and rest breaks. In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

28. Plaintiff has been employed as a Customer Service Representative at the location in Culver City, California for Defendants. He was a full-time non-exempt employee who earned a base hourly wage of $14.34 an hour plus monthly commission. Plaintiff was employed by Defendants from approximately April 2015 to July 2017.

29. Plaintiff contends that neither he nor the members of the plaintiff class were compensated for all hours they worked for Defendants, including overtime due to being required to work off the clock before each shift as described below and rounding that occurred due to the Kronos' timekeeping system. As a result, Plaintiff and the members of the plaintiff class also suffered violations of inaccurate wage statements and were not paid all wages due at termination, including hourly wages, overtime wages, and commissions.

30. Defendants routinely failed to pay Plaintiff and members of the plaintiff class for all

vested vacation (including paid time off and other vacation equivalent) time accrued including, but not limited to, failing to pay vacation time at the "regular rate," failing to pay for all time accrued, and improperly forfeiting vested vacation wages. As of Plaintiff's termination of employment with Defendants he had 28.71 of vested vacation time, which was not paid out to him.

***Defendants' Failure to Pay for All Hours Worked***

31. Defendants' did not compensate their hourly non-exempt employees for all the minutes that they worked as described above, including but not limited to the time that the employees were subject to the control and direction of Defendants; and/or the time that the employees were suffered or permitted to work.

32. **Time Rounding:** Defendants' timekeeping system (called "Kronos") systematically shaved time off his actual time worked, by rounding his timestamps. The system had a bias toward the employer, typically shaving minutes per day off of Plaintiff's "hours worked." Therefore, Plaintiff alleges that Defendants' illegally rounded or "shaved" minutes from their hourly non-exempt employees' daily time worked at the beginning and end of their shift. Defendants' illegal "shaving" of minutes per day from each hourly employee's time worked and/or illegal "rounding" resulted in Defendants' failure to compensate each employee for all minutes of actual work every day worked in violation of California Labor Code § 1194. Defendants owe each of their hourly employees for the unpaid "shaved" minutes and/or illegally "rounded" minutes.

33. **Off the Clock Work at the Beginning of Each Shift:** Defendants also required that all non-exempt employee arrive at work approximately 10 to 15 minutes before their scheduled start time in order to start up the computer and open all necessary programs so that when the shift started they would be ready to start taking phone calls. If the programs were not already opened, then Plaintiff and other members of the plaintiff class would be unable to accept calls from customers.

***Defendants' Failure to Pay Overtime Compensation***

34. California Labor Code § 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

35. California Labor Code § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California Labor Code § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California Labor Code § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

36. Throughout the Class Period, Wage Order No. 4-2001, Section (3) provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

37. Defendants classified Plaintiff and the members of the plaintiff class as non-exempt, therefore they were entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, statutes and regulations identified herein.

38. As a matter of policy and/or practice, Defendants routinely suffered or permitted Plaintiff and the members of the plaintiff class to work portions of the day during which they were subject to Defendants' control and failed to compensate them. Accordingly, Defendants failed to properly record the actual hours worked by Plaintiff and the members of the plaintiff class, and thus failed to pay overtime wages for the actual amount of overtime hours worked.

***Defendants' Failure to Pay All Wages Due at Termination of Employment***

39. At all times, relevant hereto, California Labor Code § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California Labor Code § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California Labor Code § 203 provides that if an employer willfully fails to pay

compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days. Defendants' failure to pay for all wages earned prior to termination constitutes additional violations of California Labor Code §§ 201-203.

40. Defendants willfully and knowingly failed to pay Plaintiff and the members of the plaintiff class, upon termination of employment, all accrued compensation.

41. **Commissions:** In addition to not all wages owed being paid upon termination as a result of the violations described above, when Plaintiff's employment ended in July 2017; however, he was not paid all commissions owed within 72 hours. Instead, he was paid a commission check each month for the 4 months following his last month of employment

***Defendants' Failure to Provide Accurate Wage Statements***

42. Defendants failed to comply with California Labor Code Section 226(a) since wage statements were incorrect since the hours worked, including overtime were incorrect resulting in a violation of California Labor Code Section 226(a).

43. Defendants failed to comply with subpart (7) of California Labor Code Section 226(a), which requires the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

44. Defendants failed to comply with subpart (9) of California Labor Code Section 226(a), which requires "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…"

***Facts Regarding Willfulness***

45. Plaintiff is informed and believes and based thereon alleges that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

46. Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants had a consistent policy or practice of failing to compensate the plaintiff class members, including Plaintiff, for all hours worked, including overtime.

(Page 11 of 33)

Doc# 1 Page# 11 - Doc ID = 1739234118 - Doc Type = Complaint

EXHIBIT A, PAGE 16

to represent are composed of, and are defined as follows:

**Plaintiff Class:**

All persons who have been, or currently are, employed by Defendants during the Class Period **(The Class Period is the period from May 11, 2014, through and including the date judgment is rendered in this matter)** and who held, or hold, job positions which Defendants have classified as "non-exempt" in the State of California.

**Terminated Sub Class:**

All members of the Plaintiff Class including trainees whose employment ended during the Class Period **(The Class Period is the period from May 11, 2014, through and including the date judgment is rendered in this matter)**.

(collectively "Plaintiff Class" or "Class Members")

56. **Numerosity:** Plaintiff is informed and believes, and on that basis, alleges, that during the class period, thousands of class members have been employed by Defendants as non-exempt employees in the State of California. Because so many persons have been employed by Defendants in this capacity, the members of the Plaintiff Class are so numerous that joinder of all members is impossible and/or impracticable.

57. **Commonality:** Common questions of law, in fact, exist as to all members of the Plaintiff Class and predominate over any questions affecting solely individual members of the Plaintiff Class. Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows:

a. Whether Plaintiff and the members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

b. Whether Defendants had a standard policy and practice of failing to pay for vested vacation hours;

c. Whether Defendants' systematic rounding of hours worked resulted in failure to pay wages for all hours worked to Plaintiff and the members of the Plaintiff Class;

d. Whether Defendants unlawfully and/or willfully failed to compensate Plaintiff

and the members of the Plaintiff Class for all hours worked;

e. Whether Defendants maintained accurate records of the hours worked by Plaintiff and the members of the Plaintiff Class;

f. Whether Plaintiff and the members of the Plaintiff Class are entitled to overtime compensation;

g. Whether Defendants failed to maintain accurate records of work performed by Plaintiff and the members of the Plaintiff Class in violation of California Labor Code §1174;

h. Whether Defendants failed to pay Plaintiff and the members of the Plaintiff Class all wages due at termination;

i. Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and the members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of California Labor Code §226;

j. Whether Plaintiff and the members of the Plaintiff Class that are no longer employed by the Defendants and are entitled to penalties pursuant to California Labor Code §203;

k. Whether Defendants unlawfully and/or willfully failed to promptly pay compensation owing to Plaintiff and the members of the Terminated Sub Class upon termination of their employment, in violation of California Labor Code §§ 201-203;

l. Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and,

m. Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, Bus. & Prof. Code § 17200, *et seq*.

58. **Typicality:** Plaintiff's claims are typical of the members of the Plaintiff Class. Plaintiff, like other members of the Class working for Defendants in California, was subjected to

Defendants' policies and/or practices set forth above. Plaintiff's job duties were, and are, typical of those of other members of the Plaintiff Class.

59. **Adequacy of Representation:** Plaintiff will fairly and adequately protect the interests of the members of the members of the Plaintiff Class and has retained counsel competent and experienced in both class action and employment litigation.

60. Questions of law or fact common to Class members predominate over any questions solely affecting individual Class Members and class action is superior to other available methods for the fair and efficient adjudication of this controversy.

61. Class action treatment will allow a large number of similarly situated Class Members to simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail.

62. In addition, a class action will serve the important public interest of permitting Class Members harmed by Defendants' unlawful policies and/or practices to effectively pursue recovery of the sums owed to them.

63. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude his maintenance as a class action.

## COLLECTIVE ACTION ALLEGATIONS

64. Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

65. Plaintiff brings this suit as a Collective Action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") on behalf of the "FLSA Class" defined as:

**FLSA Class:**

**All persons who were or are employed by Defendants as "non-exempt employees" in the United States within the applicable limitations period, which is three years preceding the filing of the original Complaint herein plus such additional time as may be provided pursuant to equitable tolling.**

66. Plaintiff alleges that during the FLSA Class Period, there are and were:

a. individuals who resided in the United States of America;

05/14/2018

b. were employed as "exempt" employees for Defendants in the United States within the three years preceding the filing of the complaint herein;

c. worked more than 40 hours in any given week;

d. did not receive all overtime compensation for all hours worked over 40 hours in any given week;

e. did not receive reimbursement for expenses that were paid for the primary benefit of the named Defendants;

f. worked regular hours for which they received no pay whatsoever;

g. are members of the FLSA Class as defined in the preceding paragraph in this Complaint; and,

h. have signed a consent to sue that shall have been filed in this court.

67. All claims involving the FLSA Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Class is easily ascertainable by examination of the employment records that Defendants are required to maintain by law, including but not limited to employee time clock reports and payroll records.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY FOR ALL HOURS WORKED**

**(By Plaintiff and the Members of the Plaintiff Class Against All Defendants)**

68. Plaintiff incorporates herein by reference the allegations set forth above.

69. At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendants were required to compensate their hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer, pursuant to the Industrial Welfare Commission Orders and California *Labor Code* §§200, 226, 500, 510, 1197, and 1198.

70. For at least the four (4) years preceding the filing of this action, Defendants failed to compensate employees for all hours worked. Defendants implemented policies that actively prevented employees from being compensated for all time worked by employing the use of a rounding program

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

76. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

77. California Labor Code § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California Labor Code § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California Labor Code § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

78. Defendants have failed and refused to pay to Plaintiff and the members of the Plaintiff Class all overtime wages due to them in compliance with California Labor Code including, but not limited to, failing to pay all overtime accrued. Based upon information and belief, Plaintiff and the members of the Plaintiff Class were not paid overtime when they worked in excess of eight (8) hours in a given day. Plaintiff alleges that Defendants' policy was not to pay overtime wages until an employee had worked forty (40) hours in a workweek.

79. As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and the members of the Plaintiff Class have been deprived of overtime wages due in amounts to be determined at trial.

80. The applicable overtime requirements fixed by the commission for Plaintiff and the members of the Plaintiff Class, are found in Wage Order 4-2001.

81. Pursuant to California Labor Code §§ 1194 and 1194.2 as a result of Defendants' failure to pay Plaintiff and the members of the Plaintiff Class all overtime wages due, Plaintiff and the members of the Plaintiff Class are entitled to each recover the unpaid overtime wages in an amount equal to the overtime wages unlawfully unpaid, plus interest, fees and costs thereon.

**THIRD CAUSE OF ACTION**

**FORFEITURE OF VACATION PAY (LABOR CODE § 227.3)**

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

82. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

83. This cause of action is brought pursuant to California Labor Code § 227.3, which prohibits employers from forfeiting payment of the vested vacation wages of their employees.

84. Plaintiff's employment by Defendants have been terminated. Plaintiff had unused vested vacation wages (including, but not limited to, vacation pay, paid time off pay, personal day pay, personal holiday pay, incidental time off, and/or floating holiday pay) that were not paid out to him in a timely fashion at the end of his employment in violation of California Labor Code § 227.3.

85. As a matter of uniform corporate policy, procedure and practice Defendants violated California Labor Code § 227.3 by failing to pay Plaintiff and the members of the Plaintiff Class all vested vacation wages at the end of their employment. The uniform policy of not paying Plaintiff and the members of the Plaintiff Class all vested vacation wages at the end of their employment resulted in a forfeiture of vested vacation wages in violation of California Labor Code § 227.3.

86. The conduct of Defendants and their agents and employees as described herein was willful and was taken in conscious disregard of the rights of Plaintiff and the rights of the individual members of the Plaintiff Class. Such conduct, taken by Defendants' managerial employees, supports an award of up to 30 days of pay, pursuant to California Labor Code § 203, as penalties for Plaintiff and each member of the Plaintiff Class who were not compensated for all vested vacation time at the conclusion of their employment with Defendants.

87. Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff and each member of the Plaintiff Class for damages and wages owed and for penalties, interest, costs and attorney's fees.

///

///

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES AT TIME OF TERMINATION (California Labor Code §§ 201-203)**

**(By Plaintiff and Members of the Terminated Sub Class Against All Defendants)**

88. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

89. At all times, relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California Labor Code §§ 201-203.

90. As a pattern and practice, Defendants regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages pursuant to California Labor Code §§ 201-203, and accordingly owe waiting time penalties pursuant to California Labor Code § 203.

91. In addition, Plaintiff's employment ended in July 2017; however, he was not paid all commissions owed within 72 hours. Instead, Plaintiff was paid a commission check each month for the 4 months following his last month of employment

92. The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and the members of the Terminated Sub Class.

93. Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and the members of the Terminated Sub Class who have separated from employment are entitled to compensation pursuant to California Labor Code § 203.

///

///

///

///

///

**FIFTH CAUSE OF ACTION**

**FAILURE TO FURNISH AN ACCURATE ITEMIZED WAGE STATEMENT IN VIOLATION OF CALIFORNIA LABOR CODE § 226**

**(Against All Defendants on behalf of Plaintiff and the Members of the Plaintiff Class)**

94. Plaintiff hereby re-alleges and incorporates by reference as though set fully forth herein, the allegations contained above. This cause of action is pled against all Defendants.

95. California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages, as follows: "[e]very employer shall ... at the time of each payment of wages, furnish his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee.... (5) net wages earned … (8) the name and address of the legal entity that is the employer… (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." (Emphasis added.) Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

96. Defendants failed to accurately report the gross wages earned and the net wages earned by Plaintiff and the members of the Plaintiff Class on their wage statements.

97. Defendants failed to accurately represent the total hours worked by Plaintiff and the members of the Plaintiff Class in that all hours worked are not accurately reflected on their wage statements.

98. Defendants failed to accurately represent, on the wage statements, the applicable hourly rates in effect for overtime that Plaintiff and the members of the Plaintiff Class may have been entitled to receive (if applicable).

///

///

99. Defendants failed to comply with subpart (7) of California Labor Code Section 226(a), which requires the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

100. Defendants failed to comply with subpart (9) of California Labor Code Section 226(a), which requires "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee..."

101. Plaintiff and the members of the Plaintiff Class were damaged by these failures because, among other things, the failures hindered Plaintiff and the members of the Plaintiff Class from determining the amounts of wages actually owed to them.

102. Plaintiff and the members of the Plaintiff Class request recovery of California Labor Code § 226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California Labor Code § 226(e), in a sum as provided by the Labor Code and/or other statutes.

103. WHEREFORE, Plaintiff requests relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**

**VIOLATIONS OF CALIFORNIA**

**BUSINESS AND PROFESSIONS CODE SECTION 17200, *et seq.***

**(Against All Defendants on behalf of Plaintiff and the Members of the Plaintiff Class)**

104. Plaintiff hereby re-alleges, and incorporates by reference as though set fully herein, the allegations contained above. This cause of action is pled against all Defendants.

105. Defendants' acts in violation of the statutes and regulations as set forth in this Complaint constitute unfair and unlawful business practices under California Business and Professions Code § 17200, et seq.

106. Defendants' violations of California wage and hour laws and illegal practices and payment policies constitute a "business practice" because they were done repeatedly over a significant period of time, and in a systematic manner to the detriment of Plaintiff and the members of the Plaintiff Class.

107. For the four (4) years preceding the filing of this action, Plaintiff and the members of the Plaintiff Class have suffered damages and request restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at the time of trial.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**(Against Defendants on behalf of Plaintiff and Members of the FLSA Class)**

108. Plaintiff re-allege and incorporate all preceding paragraphs as though fully set forth herein.

109. The Fair Labor Standards Act, 29 U.S.C. §201, et. seq., states that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation. (29 C.F.R. §778.223 and 29 C.F.R. §778.315.) This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. §216.

110. Plaintiff also brings this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendants in an exempt hourly position during the period commencing three years prior to the filing of this Complaint to and through a date of judgment, who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked. To the extent equitable, tolling operates to toll claims by the against the collective employees against the Defendants, the collective statute of limitations should be adjusted accordingly.

111. This Collective Action by similarly situated persons under 29 U.S.C. 216(b) is based upon the failure of the named Defendants to reimburse the named Plaintiff and the members of the FLSA Class for certain transportation expenses that the named Plaintiff and the members of the FLSA Class seek to represent paid when those expenses were primarily for the benefit of the named Defendants.

112. Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

a. Whether Defendants' policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;

b. Whether Defendants failed to adequately compensate collective employees for expenses incurred for the direct benefit of Defendants as required by the FLSA;

c. Whether Defendants' policies and practices were to write down the time worked by Plaintiff and collective employees;

d. Whether Defendants failed to include all remuneration in calculating the appropriate rates overtime and straight time;

e. Whether Defendants should be should be enjoined from continuing the practices which violate the FLSA; and

f. Whether Defendants are liable to the collective employees.

113. The Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

114. Plaintiff and the members of the FLSA Class are similarly situated, have substantially similar job requirements and pay provisions, and are subject Defendants' common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and straight time rates of employees.

115. Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

116. 29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation of the FLSA. The conduct by Defendants which violated the FLSA was willful.

117. Plaintiff and the members of the FLSA Class regularly worked in excess of forty (40) hours in a workweek. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and the members of the FLSA Class are entitled to compensation for all hours actually worked, and are

also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

118. Plaintiff and the members of the FLSA Class were all paid to Defendants on an hourly basis for the hours worked up to forty (40) in a workweek, but Plaintiff and collective employees worked more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours. Defendants also failed to pay Plaintiff and the members of the FLSA Class, compensation for the hours they worked performing duties primarily for the benefit of the employer during meal and rest periods.

119. For the purposes of the Fair Labor Standards Act, the employment practices of Defendants were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

120. Defendants violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

121. As a result of Defendants' failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial.

122. Plaintiff, therefore, demand that they and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which he was not compensated, compensation for meal and rest periods, compensation for miscalculation of overtime and straight time, plus liquidated damages, interest and statutory costs as provided by law.

123. As a result of the willful actions of the named Defendants in reckless disregard of the rights of the named Plaintiff and the members of the FLSA Class, Plaintiff and the members of the FLSA Class have suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the members of the Plaintiff Class and FLSA Class pray for judgment as follows:

1. For an order certifying the Plaintiff Class;

2. For nominal damages;

3. That the Court issue an order certifying this action is a collective action brought pursuant to the FLSA, 29 U.S.C. §216 (b);

4. Designation of the Plaintiff as the collective class representative of the FLSA Class;

5. Certification of this class action on behalf of the proposed Plaintiff Class;

6. Designation of Plaintiff as the class representative of the Plaintiff Class;

7. A temporary, preliminary, and permanent injunction requiring Defendants to pay Plaintiff and members of the California Class and FLSA Class proper overtime wages, computed based upon the actual regular rate, and requiring Defendants to keep track of the time Plaintiff and similarly situated employees spend on meal and/or rest breaks;

8. A temporary, preliminary, and permanent injunction requiring Defendants to refrain from committing unlawful and unfair business practices proscribed by the California Business & Professions Code § 17200 et seq.;

9. Equitable tolling of the applicable statute of limitations on claims of Plaintiff and members of the classes;

10. A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law and have willfully violated the FLSA for purposes of calculating the applicable statute of limitations period:

a. the FLSA, 29 U.S.C. §207 (a), by failing to provide compensation at time and a half rates for work in excess of 40 hours per workweek;

b. California Labor Code §§ 510, 550-556, 1194 (a) and the applicable IWC Wage Order at §4, by failing to pay all premium wages due for work in excess of 8 hours per workday, 12 hours per workday and/or 40 hours per workweek;

c. California Labor Code § 226, by failing to provide the information required with each payment of wages;

d. California Labor Code §§ 201-203 and 227.3 by failing to pay all wages when due and by willfully failing to make timely payment of the full wages due to workers who quit or have been discharged;

e. California Business & Professions Code §§ 17200-08 by violating the provisions

set forth herein above; and,

f. the FLSA, 29 U.S.C. §206, by failing to provide minimum wages;

11. An award of unpaid overtime premiums plus liquidated damages and interest pursuant to 29 U.S.C. §255 (a).

12. An award of restitution or damages in the amount of unpaid overtime, minimum wage compensation (plus liquidated damages pursuant to California Labor Code §1194.2), including interest thereon, subject to proof at trial.

13. An award of statutory penalties pursuant to California Labor Code §§ 203, 1174.5, and 2698-99 and California Business & Professions Code §17206, subject proof at trial.

14. An award of waiting time penalties as to those class members who quit or have been discharged, pursuant to California Labor Code §203, subject proof at trial.

15. An award of restitution of all amounts owed and unpaid overtime, minimum wage compensation and interest thereon, in an amount to be proved at trial, pursuant to California Business & Professions Code §17203.

16. Disgorgement of profits and all other appropriate equitable relief authorized by California Business & Professions Code § 17203.

17. Prejudgment and post judgment interest on all sums awarded.

18. Attorneys' fees and litigation expenses in an amount the Court determines to be reasonable, pursuant to 29 U.S.C. §216 (b), California Labor Code §§ 226 (g), 1194 (a), 2699 (g) (1) and Cal. Code of Civil Procedure §1021.5, and any other such provision as may be applicable.

19. For penalties as permitted by the California Labor Code, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, penalties permitted by California Labor Code §§ 201-203, 226(a), 227.3, 510, 1194, 1197.

20. Costs of suit.

///

///

///

///

(Page 27 of 33)

Doc# 1 Page# 27 - Doc ID = 1739234118 - Doc Type = Complaint

EXHIBIT A, PAGE 32

(Page 28 of 33)

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kiley L. Grombacher, Esq. SBN: 245960
BRADLEY GROMBACHER, LLP
2815 Townsgate Road, Suite 130, Westlake Village, CA 91361
TELEPHONE NO.: 805-270-7100 FAX NO.: 805-270-7589
ATTORNEY FOR (Name): Plaintiff, Keith Rochester

FOR COURT USE ONLY

FILED
Superior Court of California
County of Los Angeles
MAY 11 2018
Sherri R. Carter, Executive Officer/Clerk of Court
By Brittny Smith, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse on Hill St.

CASE NAME: KEITH ROCHESTER V. CHARTER COMMUNICATIONS, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC705959 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: SEVEN
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 11, 2018
Kiley L. Grombacher, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Doc# 1 Page# 28 - Doc ID = 1739234118 - Doc Type = Complaint

EXHIBIT A, PAGE 33

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: ROCHESTER V. CHARTER COMMUNICATIONS | CASE NUMBER BC 705959 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

0507147021 ?

| SHORT TITLE: ROCHESTER V. CHARTER COMMUNICATIONS | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: ROCHESTER V. CHARTER COMMUNICATIONS | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

05/14/2018

| SHORT TITLE: ROCHESTER V. CHARTER COMMUNICATIONS | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the CENTRAL District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 11, 2018

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.